UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTINA M. CARTER,

    Plaintiff,

vs.                                                                      CASE NO. 3:10-cv-149-J-TEM

THE SCHOOL BOARD OF FLAGLER COUNTY,
FLORIDA and HAROLD ANDERSON,

    Defendants.

**O R D E R**

This case is before the Court on Defendants, The School Board of Flagler County and Harold Anderson's, Motion to Dismiss or in the Alternative Motion for a More Definite Statement and Memorandum of Law in Support Thereof (Doc. #8, Motion to Dismiss), filed April 9, 2010. Plaintiff has not responded to the motion and the deadline for doing so has passed.

In the Motion to Dismiss, Defendants request the Court dismiss Plaintiff's complaint (Doc. #1) pursuant to Rules 8(a)(2) and 8(d)(1) of the Federal Rules of Civil Procedure, or in the alternative, order a more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure (Doc. #8 at 1). Upon consideration, the Court finds Defendants' request for relief is well founded.

**I. Factual Background**

Plaintiff filed this action in the federal district court under the Civil Rights Act, Title VII, 42 U.S.C. 2000e, and the Florida Civil Rights Act (Fla. Stat. § 760.10(1)(a)). (*See* Doc. #1, complaint.) The complaint contains a total of seventy (70) numbered

paragraphs, with thirty-one paragraphs under the heading "Allegations Common to All Causes of Action" (Doc. #1 at 4-12). Within these factual allegations, Plaintiff states she was hired as a bookkeeper in the Construction Department for the Defendant School Board and placed under the direct supervision of Defendant Anderson (Doc. #1 at 4). Plaintiff states that shortly after being hired she was warned by female co-workers about Defendant Anderson's "oppressive attitude toward women" and the possibility of being harassed by Defendant Anderson (Doc. #1 at 4). The facts within the complaint narrate numerous examples of Defendant Anderson's alleged actions toward Plaintiff, Plaintiff's attempts to seek help from the Human Resources Department, the Assistant Superintendent, and the Superintendent regarding the problems she was having with Defendant Anderson (Doc. #1 at 4-12).

## II. Analysis

Initially, in reviewing a motion to dismiss, the Court "must accept the allegations set forth in the complaint as true." *Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002). Additionally, the Court must accept all reasonable inferences in favor of the plaintiff. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). However, a court should not expect a defendant faced with an incomprehensible complaint to frame a responsive pleading but rather "is expected to move the court, pursuant to Rule 12(e)[1], to require the plaintiff to file a more definite statement." *Anderson v. Dist. Bd. of Trustees of Central Florida Community College*, 77

---

[1] Rule 12(e) of the Federal Rules of Civil Procedure provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." *See* Fed. R. Civ. P. 12(e).

F.3d 364, 366 (11th Cir. 1996).

Upon review, the Court finds the complaint in this case is an impermissible "shotgun pleading." A shotgun complaint is one that fails to articulate claims with sufficient clarity to allow the defendants respond accordingly. *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001). "A shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts ... contain irrelevant factual allegations and legal conclusions. *Watson v. HSBC Card Servs. Inc.*, No. 3:10-cv-985-J-34JBT, 2010 WL 4337911, *1 (M.D. Fla. Oct. 27, 2010) (internal quotation and citation omitted). A plaintiff's claim must give a defendant fair notice of the claim and the grounds upon which the claim is based. *Dismuke v. Fla. Bd. of Governors*, Case No. 8:05-cv-340T17TBM, 2005 WL 1668895 (M.D. Fla. July 8, 2005).[2] The Eleventh Circuit has recognized that shotgun pleadings are prohibited by Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Shotgun pleadings "harm the court by impeding its ability to administer justice," by wasting time determining exactly what claims are being made, to which defendants each claim applies, and which allegations attempt to prove which claims. *See Byrne* at 1131. Further, shotgun pleadings "impede the orderly, efficient, and economic disposition of disputes." *Ebrahimi v. City of Huntsville Bd. Of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997) (internal citation omitted). The *Byrne* court ruled that when

---

[2]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

faced with a shotgun pleading a court should require the plaintiff to re-plead, even in absence of a request to do so. *Byrne* at 1133.

Although Plaintiff put forth seven different claims for relief, none of the claims contain the simple, concise and direct language required by Rule 8(d)(1) of the Fed. R. Civ. P. (*see, e.g.*, Doc. #1 at 12-18). Instead, the individual claims for relief often state more than one cause of action within the claim (Doc. #1 at 12-18).[3] Additionally, each claim for relief does not state against which Defendant the claim is being made.[4] Further, several claims fail to specify what relief is requested. In a number of instances, Plaintiff states she is entitled to certain relief but does not request what relief she seeks. It is noted that claims two, four, five, six, and seven contain no mention of relief. The sixth and seventh claims for relief contain cursory mention of "damages suffered" by Plaintiff, but leave it to the imagination as to what damages are sought as relief to which cause of action.

The undersigned finds Plaintiff's failure to follow Rule 8 of the Fed. R. Civ. P. in pleading her complaint not only results in unclear claims, but also makes it nearly impossible for Defendants to adequately respond to the complaint. The undersigned, however, does not find that granting Defendants' Motion for More Definite Statement is appropriate in the case, due to the inadequacy of Plaintiff's complaint. A dismissal of the complaint with prejudice is also not appropriate as Plaintiff's claims are facially

---

[3] The Court notes that Plaintiff's "First Claim for Relief" potentially sets forth six different causes of action (Doc. #1 at 12-14).

[4] For example, in Plaintiff's "Third Claim for Relief" in paragraph 48, Plaintiff claims "Defendant acted maliciously . . . ." Although the Court may be able to assume Plaintiff is referring to the School Board of Flagler County as the referenced Defendant, it is not the job of the Court or the Defendants to make such an assumption. Clear, concise language is required.

plausible and Plaintiff should have the opportunity to re-plead her complaint.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (holding that to survive a motion to dismiss, a plaintiff's claim must be plausible on its face).

Upon consideration of the Motion to Dismiss (Doc. #8), and the grounds urged in support thereof, it is hereby **ORDERED**:

Defendant's Motion to Dismiss (Doc. #8) is **GRANTED in part**, to the extent that the complaint is **dismissed without prejudice**.  Plaintiff is granted leave to file an amended complaint in compliance with the Rules and this order **within twenty days** of the date of this order.  Failure to file such amendment in a timely manner may result in outright dismissal of this action for failure to prosecute.  *See* Rule 3.10, Local Rules, M.D. Fla.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of November, 2010.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record